PICKENS *v.* STATE.*

(Division B. June 7, 1926.)

[108 So. 731.   No. 25453.]

CRIMINAL LAW.

In prosecution for embezzlement, instruction submitting to jury,
and authorizing conviction on, an item alleged to have been em-
bezzled, which was not sustained by proof, constituted error.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1043, n. 37.

APPEAL from circuit court of Holmes county.
HON. S. F. DAVIS, Judge.

E. W. Pickens was convicted of embezzlement, and he
appeals.   Reversed and remanded.

*Noel & Neilson,* for appellant.

The court erred in granting the fourth instruction for
the state. It will be noted that this instruction names cer-
tain sums of money, six, including two hundred dollars
and seven hundred eighty dollars, aggregating three
thousand seven hundred sixty-nine dollars and five cents,
and that no reference whatever is made to the bill of
particulars or to the indictment, except in the sentence
giving the form of the verdict.   These sums were not in
any manner associated with the names given in the bill
of particulars, and the two hundred dollars could have
been that mentioned in the bill of particulars as having
been deposited by J. T. Skelton, or could have been the
two hundred dollars which J. H. Burell said was errone-
ously deducted as if for a note due by him to the bank;
and the said seven hundred eighty dollars could have been
that referred to in connection with Mrs. Ethel Smith or
any other money as any of the items might have been of

money entirely disassociated with the bill of particulars and supposed to have been part of the general shortage between forty thousand dollars and fifty thousand dollars referred to by A. C. Powell, constituting really the bank's uncollectible notes and overdrafts.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

(a) On motion of the defendant the district attorney filed a bill of particulars. When this was done, it limited the state to the items therein mentioned and defendant was not required to make defense to any other items. All of the items in this bill of particulars were supported by the original debit slip, credit slip, or deposit slip. It was not encumbent upon the state to prove each item on these ledger sheets was correct. The ledger sheet and the statements issued to the depositor were admissible as showing that these accounts were changed, the books erroneously kept in order that Pickens could keep the fact that he had converted these various items to his own use from the knowledge of the various depositors therein mentioned. The state did support each item of the bill of particulars by the original writing.

(b) Instruction No. 4 is erroneous because it included an item of seven hundred eighty dollars which was alleged in Item 5 of the bill of particulars. There was no proof introduced by the state supporting the allegation that this sum had been embezzled. However, we think that this is harmless error. All of the other items mentioned therein were supported by the evidence and it is reasonable to presume that the jury convicted the defendant on the items supported by the proof, rather than on the item absolutely unsupported by any proof.

Argued orally by *E. F. Noel,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

E. W. Pickens appeals from a conviction of embezzlement and a sentence of two years' imprisonment in the penitentiary.

There are several assignments of error urged for reversal, and we are unprepared to say that there is no merit in more than one of them, but we shall pass upon only one question, which will result in a reversal and a new trial, as the other errors complained of may not arise upon a new trial. The judgment must be reversed because of an erroneous instruction granted the state which was harmful to the appellant.

The indictment charged appellant with embezzling eight thousand nine hundred four dollars and eighty cents, funds of the Bank of Goodman, while he was acting as its president, agent, and servant. Upon motion of counsel for appellant at the trial, a bill of particulars was furnished specifically stating the different items and amounts thereof, which the appellant had embezzled. This bill of particulars was, for practical purposes, an indictment in five counts, and the state was bound to prove them, or to prove some one of them, before a conviction could be had.

The bill of particulars, in separate counts numbered 1, 2, 3, 4, and 5, sets out the amount of separate items charged to have been embezzled. Item No. 5, charges:

"That the defendant charged out of the account of Mrs. Ethel H. Smith on or about April 4, 1919, five hundred sixty-five dollars and twenty-one cents; April 29, 1919, two hundred dollars; May 20, 1920, fourteen dollars and seventy-seven cents, aggregating the sum total charged to her account of seven hundred eighty dollars, without authority, and converted same to his own use thereby embezzling same."

On the trial the state proved the embezzlement of the items set out in the bill of particulars in we will say, counts Nos. 1, 2, 3, and 4, but wholly failed to prove the

embezzlement of the seven hundred eighty dollars mentioned in count No. 5. In fact, the state made no effort to prove the charge of embezzlement as set out in item No. 5, but seems to have relied upon the other four items to secure a conviction.

In this state of the case the court granted as instruction No. 4, for the state, which, among other things, charged the jury as follows:

" '. . . That, if you believe from the evidence in this case, beyond a reasonable doubt, the defendant was the president, agent, and servant of the Bank of Goodman, and that while acting in such capacity as the president, agent, and servant of said bank there came into his possession and under his care and control the sum of one thousand five hundred eighty-seven dollars and seventy-five cents, five hundred twenty-one dollars and thirty cents, three hundred dollars, three hundred eighty dollars, two hundred dollars, seven hundred eighty dollars, or any one of said sums, or any two or more of said sums, or all of said sums, aggregating the sum of three thousand seven hundred sixty-nine dollars and five cents, which said sums came in his possession under and by virtue of his said office, place, or employment, and that he unlawfully, feloniously, and fraudulently converted and appropriated either the sum of one thousand five hundred eighty-seven dollars and seventy-five cents, or five hundred twenty-one dollars and thirty cents, or three hundred dollars, or three hundred eighty dollars, or two hundred dollars, or seven hundred eighty dollars, or any of said amounts aggregating the sum of three thousand seven hundred sixty-nine dollars and five cents, to his own use, with the felonious intent to deprive the said Bank of Goodman, the owner of said money, of its money, then he is guilty as charged in the indictment, and it will be your sworn duty, under your oaths as jurors, to so find, and the form of your verdict will be, 'We, the jury, find the defendant guilty as charged in the indictment.' ' "

It will be observed that the instruction tells the jury specifically that, if they believed that the seven hundred eighty dollar item (which is set out in count No. 5 of the bill of particulars), or any one, or any two or more, or all of said items, was or were embezzled by appellant, they should find him guilty as charged. And the court proceeds to reiterate in the instruction that they should convict the defendant, if they believe he embezzled the seven hundred eighty dollar item, and also adds the seven hundred eighty dollars to the other items in the bill of particulars, making the total of three thousand seven hundred sixty-nine dollars and five cents. The instruction seems to have been insistent that the jury pass upon the guilt of the defendant as to the seven hundred eighty dollar item which was wholly unsupported by any evidence whatsoever in the record.

We think the mere statement of the matter makes it clear that the error of the lower court in this regard must cause a reversal of the case. There is no use to cite any authority on so plain a proposition. The count No. 5 in the bill of particulars should not have been submitted to the jury because there was no proof to sustain it. The jury may have based its verdict upon this unproven charge.

In view of the conclusions reached above, the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*